By the Court,

Savage, Ch. J.
By the revised statutes it is enacted, that “ Every person who shall feloniously steal the property of another in any other state or country, and shall bring the same into this state, may be convicted and punished in the same manner as if such larceny had been committed in this state; and in every such case such larceny may be charged to have been committed in any town or city, into, or through which stolen property shall have been brought. 2 R. S. 698, \ 4. This case comes precisely within the statute, and is no doubt one of the cases intended to be provided for. That the statute is constitutional and within the proper sphere of legislative action, I cannot doubt; it is not justly liable to the objection that we undertake to punish offences com *131 mitted against another government. It is not the larceay in Canada which we punish, but the larceny committed in the state of New-York, in every place into which the stolen property has been brought. In this respect the statute recognizes the common law, by which the possession of stolen property in contemplation of law remains in the owner, and the thief, therefore, is guilty of theft in every place into which he carries the stolen goods. Such has always been the common law in relation to different counties; it is a principle, also, of the common law, that every offender shall be punished in the county wherein the offence was committed; but in respect to stolen goods, the offender may be punished in any county where he carries the stolen goods, as he is guilty of stealing them in every pleace where he has them. This principle was in Massachusetts, without the aid of a statute, applied to the case of property stolen in another state and carried into that state. 1 Mass. R. 116; 2 id. 14. In the latter case the question was discussed by learned counsel, and well considered by the court. The most serious objection was, that the prisoner might be liable to be twice punished, for although punished there, he was liable to be punished in the state of New Hampshire, *where the property was originally stolen. To this, Sedgwick, justice, asks, wherefore should he not ? and remarks, that for himself he felt no such tenderness for theives as to desire that they should not be punished wherever guilty ; if they offend against the laws of two states, they should be punished in both. Whether the learned judge was right or not, is not material to inquire, but I may be permitted to say that such were always my views of the law ; and under a full conviction that such was and ought to be the law, I, in the capacity of district attorney, drew the indictment in the case of The People v. Gardner, 2 Johns. R. 477, and prosecuted the prisoner to conviction. The question was submitted to the supreme court on briefs of counsel, and the court decided that the prisoner having stolen the horse in Vermont, the offence did not continue, and of course no offence was committed in this state ; in consequence of that decision, the villain escaped punishment.
We have long had a statute for punishing persons having in their possession forged bank notes ; no one ever doubted the propriety of a conviction, if it appeared (as it generally does in such cases) that the notes were actually forged in Canada. The offence is complete in this state, by having them in possession with intent to pass them. So with respect to the statute in question; it does not authorize the conviction and punishment of the offender for the larceny committed in Canada, but for the offence committed in this state by bringing the stolen property into it; for being in possession of the stolen property, ammo furandi. The legislature have indeed been more tender of the offender, than in my judgment was necessary, by permitting him to plead a conviction or acquittal for the same offence, meaning the original larceny.
There is surely no force in the objection, that this statute cannot apply to the subject of a foreign government. Our laws punish offenders against them. If a foreigner comes here and commits an offence, he is equally a subject, of punishment with our own citizens ; and there is surely no comity of nations which require us to give free passage to felons from another country, carrying off stolen property ; but the contrary.
The court of general sessions is advised to render judgment.